UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RMM Corporation, | Civil No. 05-338 JRT/FLN |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, et al., | |
| Defendants. | |

Matthew T. Boos, for Plaintiff.
Lonnie F. Bryan, for Defendants.

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 15, 2005, on the Defendant's Motion to Dismiss [#9]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends that Defendant's Motion to Dismiss the Amended Complaint [#9] be Granted.

**I. BACKGROUND**

Plaintiff RMM Corporation, (formerly doing business as Tricam Industries, hereinafter "RMM" or "Plaintiff"), is a Minnesota corporation that imports goods manufactured in China. See Complaint, ¶ 4. Defendants include the United States, Customs, and employees of Customs. Defendant Robert T. Bonner is the Commissioner of the United States Customs Service. Id., ¶ 5. Defendant Robyn Dessaure, is the Port Director of Customs for United States Customs and Border Protection, Department of Homeland Security for the Port of Minneapolis, Minnesota. Id., ¶ 6. All Defendants are sued in their official capacities, and as such, this is a suit against the United States.

1

Between May 30, 2003 and June 25, 2003, Customs seized 8,460 air compressors that were being imported by RMM from China into the Port of Minneapolis, Minnesota. Id., ¶¶ 1, 7, 8. The air compressors were seized for forfeiture under Title 19, U.S.C. § 1526(e), for allegedly using an unauthorized/counterfeit trademark, owned and registered to Underwriters' Laboratories, Inc. ("UL"). Id., ¶ 9. Plaintiff RMM received Notices of Seizure for each of the three shipments informing them of the basis for the seizure and including an "Election of Proceedings" form which offered Plaintiff several procedural alternatives to address forfeiture of the goods seized. See Complaint, Ex. A, "Notices of Seizure"; Complaint, Ex. B "Election of Proceedings Form AF - Publish." The Election of Proceedings form offered Plaintiff the following options: (1) request that the customs service consider a petition or offer administratively; (2) request that the customs service begin administrative proceedings to forfeit the property; (3) abandon the property and request that the customs service begin administrative proceedings to forfeit the property; and (4) request that the customs service send the case to the United States Attorney for court action. Id., Ex. B. Of these choices, Plaintiff requested administrative consideration through petition. Along with providing that option, the Election Proceedings form explained the following:

> "By making this request, I understand that I am giving up my right to (1) begin administrative forfeiture proceedings immediately, as provided under title 19, United States Code (U.S.C., section 1607 and title 19 Code of Federal Regulations (CFR), section 162.45, or (2) immediate referral to the U.S. Attorney for court action, as provided by 19 U.S.C. 1608 and 19 CFR 162.47. If administrative forfeiture has begun, it will be stopped until my petition or offer is considered. However, I understand that *at any time* I can request, in writing, that you begin administrative forfeiture proceedings, and you will continue to consider my petition or offer. I also understand that *at any time* I can file a claim and cost bond with you and Customs consideration of my petition or offer will stop and the case will be sent to the U.S. Attorney for court action."

Id., (emphasis in original).

On July 29, 2003, Plaintiff filed a Consolidated Petition for Remission of Seizure and Release of Merchandise ("the Petition").  Id.; see also Affidavit of Matthew T. Boos ("Boos Affidavit"), Ex. B.  The Petition was submitted pursuant to 19 U.S.C. § 1618 and explained that the UL service marks on the seized air compressors were not counterfeit, but rather they had been applied by the Chinese manufacturer with previous authorization from Underwriters Laboratories. See Complaint, ¶ 10.  The Petition was then referred to the Office of Regulation and Rulings, in Washington, D.C. for consideration.  See Boos Affidavit, Ex. D.

At the time Plaintiff filed the Complaint in this case, 18 months had passed since the Petition was submitted and, despite inquiries as to the status of the petition, no decision had been made and no response had been received to any of the inquiries.  See Complaint, ¶ 12 and 13.  During this time, the air compressors remained in the custody of Customs.

On February 16, 2005, Plaintiff filed the Complaint in this case alleging unlawful seizure of the air compressors as well as violations of due process due to Customs' unreasonable delay in addressing Plaintiff's Petition for Remission of pending forfeiture by neither making an administrative decision on the Petition, nor promptly referring it for commencement of judicial forfeiture proceedings.  See Complaint.  The Complaint seeks an Order directing the Defendants to either return the seized air compressors, or, in the alternative, direct Defendants to immediately commence judicial proceedings for the forfeiture of the seized merchandise.  See Complaint, ¶ 1. In response to the filing of the Complaint, Defendants gave notice that they would initiate administrative proceedings to forfeit the air compressors.  Plaintiff then filed cost bonds and asked that the case be referred to the United States Attorney for institution of judicial forfeiture proceedings

Defendants now move to Dismiss Plaintiff's Complaint [#9] for both lack of subject matter jurisdiction, as well as, for failure to state a claim upon which relief may be granted. Assuming with out deciding that subject matter jurisdiction is sufficient, this Court recommends that Plaintiff's Complaint be Dismissed for failure to state a claim. As such, Defendants' Motion to Dismiss [#9] be Granted.

## II. STANDARDS OF REVIEW

A party may bring a motion to dismiss under 12(b)(6) for the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In the case of a defendant's motion to dismiss, the complaint should only be dismissed if it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle him or her to relief. Scalier Tel. Co. v. Golden Sky. Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citing Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993)); Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998)(a motion to dismiss is properly granted when there is no set of facts that would allow the plaintiff to recover). The court is limited to considering the allegations of the complaint. County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 n.3 (8th Cir. 1997). The Court is to assume the facts pleaded as true and to construe the facts in a light most favorable to the plaintiff. Gebhardt v. Con Agra Foods, Inc., 335 F.3d 824, 829 (8th Cir. 2003) (citing United States v. Aceto Agr. Chemicals Corp., 872 F.2d 1373, 1376 (8th Cir. 1989)). The complaint, however, "must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirement of the claim to avoid dismissal." DuBois v. Ford Motor Credit Company, 276 F.3d 1019, 1022 (8th Cir. 2002). A dismissal under 12(b)(6) should only be granted when a plaintiff includes "allegations that show on the face of the complaint that there is some insuperable bar to relief." Parnes v. Gateway 2000, Inc.,

122 F.3d 539, 546 (8th Cir. 1997); <u>Frey v. City of Herculaneum</u>, 44 F.3d 667, 6761 (8th Cir.1995) (quoting <u>Bramlet v. Wilson</u>, 495 F.2d 714, 716 (8th Cir. 1974)).

### III.  LEGAL ANALYSIS

Assuming without deciding that subject matter jurisdiction is proper, this Court recommends that Plaintiff's Complaint be Dismissed for failure to state a claim for which relief may be granted. In reaching this decision, this Court relies on Exhibit B, the "Election of Proceedings" form, attached to the Complaint and included as part of the pleadings.

The Form by its own terms gave Plaintiff a choice of remedy to challenge the forfeiture including: (1) administrative consideration of a Petition or Offer; (2) administrative forfeiture proceedings; (3) abandonment of property and proceedings; and (4) judicial proceedings by referral to the U.S. Attorney's Office.  <u>See</u>, Complaint, Ex. B.  Plaintiff had notice of these options and voluntarily chose to submit a Petition for Remission of forfeiture proceedings.  The terms of the form specifically express that in doing so, Plaintiff waives the right to the immediate commencement of a forfeiture proceedings while a Petition is pending. <u>Id.</u>  ". . . I understand that I am giving up my right to (1) begin administrative forfeiture proceedings immediately, . . ., or (2) immediate referral to the U.S.Attorney for court action, . . ." <u>Id.</u>  While the form qualifies this waiver by stating Plaintiff has the right to demand further or alternative action, it clearly indicates that it is Plaintiff's duty to instigate or request these alternative choices either in writing or by filing a claim and cost bond.  "However, I understand that *at any time* I can request, in writing, that you begin administrative forfeiture proceedings, and you will continue to consider my petition or offer.  I also understand that *at any time* I can file a claim and cost bond with you and Customs consideration of my petition or offer will stop and the case will be sent to the U.S. Attorney for court action." <u>Id.</u>

Plaintiff has not alleged, and the evidence does not show, that Plaintiff requested in writing an administrative forfeiture proceeding.  In addition, it was only after initiating this lawsuit, that Plaintiff filed a claim and bond requiring referral of its case to the United States Attorney's Office for judicial forfeiture proceedings.  Had Plaintiff done either action before filing this Complaint, an alternative action would have been initiated either requiring administrative forfeiture proceedings or a referral to judicial forfeiture proceedings.  By nature of the Election of Proceedings form itself, it was Plaintiff's right to request alternative action, but it was also Plaintiff's responsibility to do so if it wanted such alternative action.

While there were alternatives to seeking a Petition for Remission, Plaintiff waived those alternatives temporarily by signing the form, until Plaintiff actively sought out those alternatives should it decide to change its remedy option.  In light of the waiver, Plaintiff had the obligation, if it wanted faster resolution of its case or some action in addition to the Petition, to either request an administrative forfeiture proceeding in writing, or file a claim and bond which would have referred the case to the United States Attorney's Office and resulted in the commencement of a judicial forfeiture proceeding.  Plaintiff did neither.  Plaintiff fails to state a claim for violation of due process due to unreasonable delay.  It was in Plaintiff's power and, indeed Plaintiff's responsibility, to change the course of action if it felt the action they chose was taking too long.  Furthermore, Plaintiff does not allege that the waiver was anything but voluntary, knowing, and intelligent.  As such, the Complaint fails to state a claim for which relief may be granted and Defendant's Motion to Dismiss [#9] should be Granted.

## IV.  CONCLUSION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Defendant's Motion to Dismiss [#9] be **GRANTED**.


Dated: September 6, 2005                     s/ *Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 23, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **[same date as above]** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.