# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| RMM CORPORATION, | Civil No. 05-338 (JRT/FLN) |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA; ROBERT T. BONNER, Commissioner of Customs; and ROBYN DESSAURE, Port Director of Customs, United States Customs and Board Protection, Port of Minneapolis, Minnesota, | **ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE** |
| Defendants. | |

Matthew T. Boos, **FREDRIKSON & BYRON, P.A.**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

Plaintiff RMM Corporation, a corporation with its principle place of business in Eden Prairie, Minnesota, brings Fifth Amendment due process and statutory claims against defendants arising out of the United States Customs Office's seizure of property that plaintiff was trying to import into the United States. Defendants moved to dismiss plaintiff's complaint, and in a Report and Recommendation dated September 6, 2005, United States Magistrate Judge Franklin L. Noel recommended granting defendants' motion.

This matter is before the Court on plaintiff's objections to the Report and Recommendation. The Court has reviewed *de novo* plaintiff's objection to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). The Court declines to adopt the report section of the Report and Recommendation. However, the Court does adopt the recommendation based upon the Court's analysis as set forth below. The Court therefore grants defendants' Rule 12(b)(1) motion to dismiss for lack of jurisdiction and dismisses plaintiff's complaint without prejudice.

**A.    BACKGROUND**

According to RMM's Complaint, in May and June 2003, defendants seized three shipments of RMM's Chinese-manufactured air compressors at the Port of Minneapolis because they purportedly bore a counterfeit service mark. Defendants provided RMM with official notices of each seizure as well as an "Election of Proceedings Form AF – Publish," which presented four possible choices for RMM to proceed in the face of the seizures. In each case, RMM selected the first option, which states,

> I REQUEST THAT THE CUSTOMS SERVICE CONSIDER MY PETITION OR OFFER ADMINISTRATIVELY. That document is attached. By making this request, I understand that I am giving up my right to (1) begin administrative forfeiture proceedings immediately, as provided under title 19, United States Code (U.S.C.), section 1607 and title 19, Code of Federal Regulations (CFR), section 162.45, or (2) immediate referral to the U.S. Attorney for court action, as provided by 19 U.S.C. 1608 and 19 CFR 162.47. If administrative forfeiture has begun, it will be stopped until my petition or offer is considered. However, I understand that *at any time* I can request, in writing, that you begin administrative forfeiture proceedings, and you will continue to consider my petition or offer. I also understand that *at any time* I can file a claim and cost bond with you and

>Customs consideration of my petition or offer will stop and the case will be sent to the U.S. Attorney for court action.

(Pl.'s Compl., Ex. B.)  RMM submitted these forms, along with a petition for remission pursuant to 19 U.S.C. § 1618.  The Minneapolis Customs office forwarded the petition to its Office of Regulations and Rulings in Washington, D.C. for review.  Since then, RMM alleges, the Customs office has taken no action on its petition, and RMM has received no satisfactory response to its attempts to inquire about the status of the petition.

On April 21, 2005, the Customs office notified RMM that it began administrative forfeiture proceedings in response to this lawsuit.  RMM then filed a claim and cost bond and asked that the case be referred to the United States Attorney for institution of judicial forfeiture proceedings.  According to RMM, no such action has yet been taken.

**B.    STANDARD OF REVIEW**

Defendants assert that RMM's complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  In a "facial attack" on jurisdiction under Rule 12(b)(1), the standard is the same as that governing a motion to dismiss for failure to state a claim.  *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  The Court must accept the allegations of the Complaint as true and dismiss the case only when it appears beyond doubt that plaintiff can prove no set of facts which would entitle it to relief.  *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002).

**C.     ANALYSIS**

RMM's complaint seeks either the return of its seized merchandise or, alternatively, an order directing defendants to commence proceedings for the forfeiture of the merchandise. (Compl. at 9.) It is clear that RMM has no due process entitlement to a speedy answer to its remission petition. *United States v. Von Neumann*, 474 U.S. 242, 250 (1986) (explaining that remission proceedings are an informal way to resolve a dispute, but are not necessary to a forfeiture determination and are therefore not constitutionally required). Therefore, its only viable claim is that the government has failed to commence timely judicial forfeiture proceedings.

RMM objects to the Magistrate Judge's conclusion that its choice to proceed with a petition for remission under 19 U.S.C. § 1618 on the "Election of Proceedings" form involved a waiver of its right to the commencement of judicial forfeiture proceedings during the pendency of remission proceedings. Given the language of the "Election of Proceedings" form, which waives only the right to "immediate" referral, and in light of the seemingly egregious facts of this case, where defendants took no action with respect to RMM's seized property for nearly two years, the Court is inclined to agree with RMM that submitting a remission petition does not constitute a waiver of the right to a timely commencement of judicial forfeiture proceedings, and that it would instead be a factor in determining whether the proceedings were timely. Although the Eighth Circuit has explained that a failure to file a timely claim and cost bond waives any right to attack the commencement of judicial forfeiture as untimely, *United States v. Woodall*, 12 F.3d 791, 795 (8th Cir. 1993) (overruled on other grounds, *Dusenbury v. United States*, 534 U.S.

161 (2002)), defendants do not contend that RMM failed to file a timely claim and cost bond.  The Court does not need to decide the waiver issue for the purposes of the present motion, however.  Rather, the Court finds that, under the facts of this case where defendants took no action with respect to the seized property prior to this lawsuit, RMM's failure to file a claim and cost bond is more properly considered a jurisdictional bar.

Under 19 U.S.C. § 1608, a person with an interest in property seized by Customs may file a claim and a cost bond.  Upon the filing of the claim and the bond, the customs officer is required to transmit the claim and bond to the United States attorney for commencement of forfeiture proceedings.  *Id.*  Defendants contend that compliance with this procedure is necessary to vest this Court with jurisdiction over the claim that it has unconstitutionally delayed forfeiture proceedings, and points out that RMM does not allege that it filed a claim or a cost bond prior to filing this lawsuit.  RMM argues that compliance with § 1608 is not a jurisdictional requirement.

RMM has not directed the Court's attention to any case in which a court expressly concluded that a claimant's failure to comply with § 1608 is no bar to a suit challenging the failure to timely commence judicial forfeiture proceedings.  Most of the cases RMM cites either involve allegations that the government's notice of forfeiture was unconstitutionally defective, in which case, of course, no claim and cost bond could have been filed, *Valderrama v. United States*, 417 F.3d 1189, 1193 (11th Cir. 2005); *United States v. Howell*, 354 F.3d 693, 696 (7th Cir. 2004); *Simons v. United States,* 497 F.2d 1046, 1048 (9th Cir. 1974); *Polanco v. United States Drug Enforcement Admin.*, 158 F.3d

647, 650-51 (2d Cir. 1998); or they involve claims asserted in the context of the judicial forfeiture proceeding itself, *United States v. $8,850*, 461 U.S. 555 (1983); *United States v. $23,407.69*, 715 F.2d 162, 163 (5th Cir. 1983); *United States v. One 1971 Opel G.T.*, 360 F. Supp. 638 (C.D. Cal. 1973); or the plaintiffs filed or offered to file a cost bond, *States Marine Lines, Inc. v. Schultz*, 498 F.2d 1146, 1147 (4th Cir. 1974) (despite plaintiff's offer to post security, judicial forfeiture proceedings never commenced); *Kiefer v. United States Dept. of Justice*, 687 F. Supp. 1363, 1367 (D. Minn. 1988) (plaintiff filed a cost bond).  Other cases cited by RMM, while appearing to permit an action in the absence of a claim and cost bond, are pre-*Von Neumann* and thus were not decided in light of the fact that there is no due process right to a timely resolution to a remission petition. *See, e.g., Boston v. Stephens*, 395 F. Supp. 1000 (S.D. Ohio 1975).

In a case under a similar forfeiture statute, 26 U.S.C. § 7325, the Eighth Circuit explained that where Congress has provided an adequate remedy for persons claiming an interest in seized property, a district court is without jurisdiction to hear a motion for return of the property, unless the claimant is unable to comply with the administrative proceedings due to inadequate notice. *Glup v. United States*, 523 F.2d 557 (8th Cir. 1975). Here, RMM does not contend that notice was inadequate. The Court therefore holds that RMM can seek judicial review of defendants' failure to institute timely forfeiture proceedings, but only if it has complied with the requirements of 19 U.S.C. § 1608.  If defendants institute judicial forfeiture proceedings in response to RMM's filing of a claim and cost bond, RMM can assert its constitutional claims in that proceeding. Alternatively, if defendants fail to commence such proceedings, RMM can file a new

claim in this Court, with the required allegations concerning the filing of a claim and cost bond.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 22] and **ADOPTS only** the Recommendation portion of the Magistrate Judge's Report and Recommendation [Docket No. 21]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 9] is **GRANTED**; and

2. Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   November 30, 2005             s/ John R. Tunheim
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                                United States District Judge